IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent/Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4066 |
| | § | (CRIMINAL NO. H-14-356-11) |
| MARIA ESTHER CARRANZA, | § | |
| | § | |
| Petitioner/Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Maria Esther Carranza ("Petitioner") has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petitioner's Motion") (Docket Entry No. 588).[1] The United States ("Respondent") responded by filing its Motion to Dismiss § 2255 Motion ("Respondent's Motion to Dismiss") (Docket Entry No. 608). For the reasons explained below, the court will grant Respondent's Motion to Dismiss and will dismiss Petitioner's Motion.

**I. Factual and Procedural Background**

On April 15, 2016, Petitioner plead guilty to conspiring to possess, with the intent to distribute, a substance containing a

---

[1]All Docket Entry references are to Criminal No. H-14-356.

detectable amount of heroin.[2] The court sentenced Petitioner to 87 months imprisonment and a judgment was entered on January 13, 2017.[3] Petitioner did not directly appeal her conviction or sentence, which became final on January 27, 2017: fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant's notice of appeal must be filed in the district court within 14 days of the later of (1) the entry of judgment or (2) the filing of the government's notice of appeal).

Petitioner signed her Motion and placed it into the prison mailing system on October 17, 2018,[4] alleging that her counsel provided constitutionally ineffective assistance and that her conviction and sentence are subject to collateral attack based on the Supreme Court's decisions in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Carpenter v. United States, 138 S. Ct. 2206 (2018).[5] Respondent filed its Motion to Dismiss on February 6,

---

[2] See Judgment in a Criminal Case [United States of America v. Maria Esther Carranza, Case No. 4:14-CR-00356-011], Docket Entry No. 444, p. 1.

[3] See id. at 1-2.

[4] "Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing." Stoot v. Cain, 570 F.3d 669, 671 (5th Cir. 2009). Petitioner verified that she placed her Motion in the prison mailing system on October 17, 2018, and therefore her Motion will be considered as "filed" on that date. See Petitioner's Motion, Docket Entry No. 588, p. 12.

[5] See Petitioner's Motion, Docket Entry No. 588, pp. 4 [Ground One: Carpenter]; 5 [Ground Two: Dimaya]; 6-7 [Ground Three: ineffective assistance by failure to obtain a plea agreement]; 8 [Ground Four: ineffective assistance by failure to file direct
(continued...)

2019, arguing that Petitioner's Motion is time barred.⁶ Petitioner did not respond to Respondent's Motion to Dismiss.

## II. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all federal habeas petitions. See 28 U.S.C. § 2255(f). AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2255(f):

> (f)  A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

---

⁵(...continued)
appeal].

⁶See Respondent's Motion to Dismiss, Docket Entry No. 608, p. 1.

### III. Application of § 2255(f) to Petitioner's Motion

Respondent argues that the limitations period for Petitioner's Motion began to run when her conviction became final on January 27, 2017, and expired one year later on January 27, 2018.[7] Respondent argues that § 2255(f)(1) is the proper commencement provision because subsections (2), (3), and (4) of § 2255(f) do not apply.[8] Petitioner appears to argue that the commencement provision in § 2255(f)(3) applies and renders her Motion timely because she is entitled to relief under new Supreme Court case law.[9] Section 2255(f)(3) applies only when the Supreme Court has recognized a new legal right applicable to the Petitioner's case that was held to apply retroactively. See 28 U.S.C. § 2255(f)(3). The Supreme Court cases cited by Petitioner as grounds for relief in her Motion are Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Carpenter v. United States, 138 S. Ct. 2206 (2018).

Petitioner argues that she "should not have to be deported [after her sentence] given her crime was not an aggravated felony as in Dimaya."[10] In Dimaya, the Court held that the definition of "crime of violence" in 8 U.S.C. § 16(b) is unconstitutionally vague as incorporated into the Immigration and Naturalization Act. Dimaya, 138 S. Ct. at 1223. But whether Dimaya will affect

---

[7]See Motion to Dismiss, Docket Entry No. 608, pp. 2-3.

[8]See id. at 3, 11.

[9]See Petitioner's Motion, Docket Entry No. 588, p. 10.

[10]See id. at 5.

-4-

Petitioner's deportation is not an issue the court can address in this action.  <u>Dimaya</u> does not state a new rule of law that affects Petitioner's conviction or sentence.

Petitioner also claims that her Fourth Amendment rights were violated when investigators failed to obtain a "cellular warrant" before intercepting her and her co-defendants' calls during their investigation.[11]  In <u>Carpenter,</u> the Court held that the Government's acquisition of extensive historical cell-site location information ("CSLI")[12] from a cell phone company was a Fourth Amendment "search" and therefore required law enforcement to obtain a search warrant.  <u>Carpenter,</u> 138 S. Ct. at 2221.  Petitioner argues that "cellular communications were used against her in her case violating her fourth amendment [sic] rights under Carpenter [sic]."[13]  Petitioner does not deny that all of the intercepted communications she references in her Motion were obtained pursuant to a judicially-authorized wiretap.[14]  There is no evidence that the Government obtained or used historical CSLI without first obtaining a search warrant.  Therefore, there is no indication that <u>Carpenter</u> is applicable here.

---

[11]<u>See id.</u> at 4; Legal Memorandum Attached to Petitioner's Motion, Exhibit 1 to Petitioner's Motion, Docket Entry No. 588-1, p. 2.

[12]CSLI maps the cell phone (and its user's) location similarly to GPS monitoring.  <u>See Carpenter,</u> 138 S. Ct. at 2217-18.

[13]<u>See</u> Legal Memorandum Attached to Petitioner's Motion, Exhibit 1 to Petitioner's Motion, Docket Entry No. 588-1, p. 2.

[14]<u>See id.</u>; Respondent's Motion to Dismiss, Docket Entry No. 608, p. 8.

Moreover, the rule articulated in Carpenter does not apply retroactively. "New" rules of criminal procedure do not apply retroactively to cases on collateral review. See Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013). A case announces a new rule when it imposes a new obligation on the Government. Id. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004). "In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." Id. The rule in Carpenter is "new" because it imposed a new obligation on the Government to obtain a search warrant before accessing historical CSLI data. But the rule in Carpenter is procedural because it does not affect what conduct is unlawful or who may be punished under the law, but only how the Government may collect evidence. The rule in Carpenter therefore does not apply retroactively. Even if the Government had unlawfully accessed Petitioner's historical CSLI data, Carpenter cannot provide Petitioner with grounds for habeas relief.

Petitioner does not assert any right newly recognized by the Supreme Court in connection with her two ineffective assistance of counsel claims.[15] Petitioner does not argue any other basis for

---

[15]Plaintiff argues that her attorney provided ineffective assistance by (1) failing to file a direct appeal and (2) failing to negotiate and obtain a plea agreement. See Petitioner's Motion, Docket Entry No. 588, pp. 6-8. The court agrees with Respondent that there is no newly recognized right in connection with these claims. See Respondent's Motion to Dismiss, Docket Entry No. 608, pp. 4-5 (citing Roe v. Flores-Ortega, 120 S. Ct. 1029, 1035 (2000)
(continued...)

timeliness of these claims. Because § 2255(f)(1)'s commencement provision applies to Petitioner's ineffective assistance claims, the statute of limitations expired on January 27, 2018.

Since Petitioner did not file this action until October 17, 2018, it is barred by limitations. The court will therefore grant Respondent's Motion to Dismiss and dismiss Plaintiff's Motion.

## IV. Certificate of Appealability

Under 28 U.S.C § 2253 Petitioner must obtain a certificate of appealability ("COA") before she can appeal this Memorandum Opinion and Order dismissing her Motion. 28 U.S.C. § 2253(c). A court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." See Miller-El v. Cockrell, 123 S. Ct. 1029, 1034 (2003). If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[15](...continued)
("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."), and Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (recognizing that defendants are entitled to effective assistance of competent counsel during plea negotiations)).

constitutional right, *but also* that they would find it debatable whether the district court was correct in its procedural ruling." Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (internal quotation marks and citations omitted). The court concludes that Petitioner is not entitled to a COA under the applicable standards. See 28 U.S.C. § 2253(c).

## V. Conclusion and Order

Because Petitioner's Motion is barred by the statute of limitations, Respondent's Motion to Dismiss § 2255 Motion (Docket Entry No. 608) is **GRANTED**, and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 588) will be dismissed.

**SIGNED** at Houston, Texas, on this the 8th day of August, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE